Jeffery J. Carlson (SBN 60752)
Kaminskid@cmtlaw.com
J. Grace Felipe (SBN 190893)
Felipeg@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
CAC FINANCIAL CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KATHY HALLMAN, an individual,

    Plaintiff,

vs.

CAC FINANCIAL CORP., AND DOES 1 THROUGH 10,,

    Defendant.

CASE NO. CV13-02235 FMO(MANx)

**NOTICE OF REMOVAL**

    Defendant CAC FINANCIAL CORP. hereby files this notice of removal under 28 U.S.C. §1446(a).

## A. INTRODUCTION

    1.    Defendant is CAC FINANCIAL CORP. ("Defendant"); Plaintiff is KATHY HALLMAN ("Plaintiff").

    2.    Upon information and belief, Plaintiff initially filed this case on February 4, 2013, in the Superior Court of California, County of Los Angeles, Case No. 13C00351. A true and correct copy of Plaintiff's original Summons and Complaint is attached hereto as Exhibit "A".

/ / /
/ / /

1

3. On February 27, 2013, Defendant was personally served with the Summons and a copy of Plaintiff's Complaint.

4. As Defendant received Plaintiff's Complaint on February 27, 2013, Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b), and as extended via FRCP 6. See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1966).

### B. BASIS FOR REMOVAL

5. Removal is proper because Plaintiff's Complaint involves a federal question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff has alleged claims that arise under 15 U.S.C. § 1692, *et seq.*, for alleged violation of the Fair Debt Collection Practices Act.

6. "Where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction..." *Smith v. Kansas City Title and Trust Co.*, 255 U.S. 180, 41 S. Ct. 243, 65 L. Ed. 577 (1921) (Court upheld federal jurisdiction over the case because the state claim embraced a federal question). A case may "arise under" federal law for purposes of 28 U.S.C. § 1331 even when a state cause of action is asserted, however, "where the vindication of a right under state law necessarily turns on some construction of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). The question then is whether plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute."

///
///
///

7. Similarly, to bring a case within (arising-under jurisdiction), a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. *Gully v. First Nat'l Bank* (U.S. 1936) 299 U.S. 109, 112, 112, 57 S. Ct. 96, 97.

8. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

9. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

### C. JURY DEMAND

10. Plaintiff demands a jury in the state court action. Defendant demands a jury trial.

### D. CONCLUSION

11. Defendant respectfully requests removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

DATED: March 27, 2013             CARLSON & MESSER LLP

                                  By _____
                                     Jeffery J. Carlson
                                     J. Grace Felipe
                                     Attorneys for Defendant,
                                     CAC FINANCIAL CORP.

# EXHIBIT "A"

# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CAC FINANCIAL CORP., AND DOES 1 THROUGH 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KATHY HALLMAN, an individual



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 04 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Rugena Juliano

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Antelope Valley Courthouse
42011 4th Street West, Lancaster, CA 93534

CASE NUMBER:
*(Número del Caso):* 13C00351

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul Mankin 8730 Wilshire Blvd., Suite 310, Beverly Hills, CA 90211  800-219-3577

DATE: FEB 04, 2013       Clerk, by  Rugena Juliano    , Deputy
*(Fecha)*              JOHN A. CLARKE *(Secretario)*         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin IV
8730 Wilshire Blvd.
Suite 310
Beverly Hills, CA 90211
800-219-3577
323-207-3885

Attorney for Plaintiff KATHY HALLMAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA- LIMITED JURSIDICTION

FOR THE COUNTY OF LOS ANGELES – NORTH DISTRICT

| | |
|---|---|
| KATHY HALLMAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CAC FINANCIAL CORP., AND DOES 1 THROUGH 10,<br><br>Defendant. | Case No. 13C00351<br><br>(Not to Exceed $10,000)<br><br>COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>1. Violation of Rosenthal Fair Debt Collection Practices Act<br>2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2. Plaintiff, KATHY HALLMAN ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3. At all relevant times herein, Defendant, CAC FINANCIAL CORP., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged past due debt from 800-495-5466.

7. Defendant contacted Plaintiff from phone and other telephone numbers with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances.

8. On information and belief, on average, Defendant contacted Plaintiff one or more times a day regarding the alleged debt.

9. On information and belief, on average, Defendant contacted Plaintiff five or more times a week regarding the debt.

10. Plaintiff repeatedly demanded that Defendant stop contacting her. In response, Defendant would state that Plaintiff would be continued to be called until the alleged debt was paid. Thereafter, Defendant continued to contact Plaintiff.

11. On multiple occasions, Defendant threatened to file a lawsuit against Plaintiff unless the debt was paid immediately. On information and belief, Defendant had no intention of filing a lawsuit against Plaintiff.

12. On information and belief, Defendant misrepresented the amount alleged the owed by Plaintiff in an effort to more money from her than was she allegedly legally owes.

13. On information and belief, Defendant has been attempting to collect an amount that is not owed by Plaintiff.

14. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5))

    b. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including (§ 1692d))

c. Falsely misrepresented the character, amount, or legal status of the debt § 1692e(2);

d. Used deceptive and false means to attempt to collect the debt § 1692e(10);

e. Attempted to collect an amount not authorized by the agreement creating the debt § 1692e(10);

f. Threatened to take legal action against Plaintiff that is not intended to be taken § 1692e(5); and

15. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees;

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the FDCPA;
- B. Actual damages;
- C. Statutory damages;
- D. Costs and reasonable attorney's fees; and,
- E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this January 29, 2013

By: _____
L. Paul Mankin, Esq.
Law Office of L. Paul Mankin IV,
Attorney for Plaintiff

Complaint - 5

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA 90045.

On **March 28, 2013,** I served the foregoing document(s) described as: **CIVIL COVER SHEET; NOTICE OF REMOVAL; CERTIFICATION AND NOTICE OF INTERESTED PARTIES** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

[X]  **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]  **ELECTRONIC MAIL:** I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **PERSONAL SERVICE BY HAND:** I personally served such document to address stated on POS Service List.

[ ]  **BY FACSIMILE-** I transmitted via telecopier machine such document to the offices of the addressees.

[ ]  **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **28th** day of **March, 2013**, at Los Angeles, California.

*/s/ Kathryn A. Brown*
Kathryn A. Brown

---
1
PROOF OF SERVICE

**SERVICE LIST**
**Hallman, Kathy v. CAC Financial Corp.**
File No.: 07437.00

Paul Mankin, IV
**LAW OFFICES OF PAUL MANKIN IV**
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
Phone: (877) 206-4741
Fax:     (866) 633-0228
E-mail: pmankin@paulmankin.com

**Attorneys for Plaintiff**
**KATHY HALLMAN**

2
PROOF OF SERVICE